The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (1992), 71 Ohio App.3d 302.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–842.

Decided Jan. 30, 1992.

*Michael Miller*, Prosecuting Attorney, and *Alan C. Travis*, for appellee.
*James Kura*, County Public Defender, and *Paul Skendelas*, for appellant.

BOWMAN, Presiding Judge.

Appellant, Lyndall Smith, was indicted on one count of aggravated burglary pursuant to R.C. 2911.11. After arraignment, appellant was released on his own recognizance; however, after appellant failed to appear for his trial, a capias was issued for his arrest. Appellant was arrested on April 27, 1991 and was held in jail.

On May 3, 1991, in an unrelated criminal case, appellant was sentenced to a term of incarceration by the Franklin County Municipal Court for a misdemeanor conviction.

On July 2, 1991, appellant entered a guilty plea to a reduced charge of breaking and entering pursuant to R.C. 2911.13. At the time of sentencing, appellant's counsel requested that the trial court grant appellant sixty-nine days of jail credit. The trial court sentenced appellant to a one and one-half year determinate sentence, which sentence was to run concurrent with appellant's sentence on the misdemeanor charge. The court then granted appellant jail-time credit of nine days, six days which had been served prior to appellant's slating on the misdemeanor capias and three additional days from the time of appellant's arrest until the day he was sentenced on the misdemeanor charge.

Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred in refusing to set forth in the sentencing entry the proper jail time credit for the period of pretrial detention served in lieu of posting bond."

In this assignment of error, appellant asserts that the trial court erred in calculating his jail-time credit.

R.C. 2967.191 governs jail-time credit and provides:

"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced * * *."

The mandatory language of this statute is directed at the Adult Parole Authority and not the trial court. Although it is the Adult Parole Authority who credits the jail time served, it is the sentencing court who makes the determination as to the amount of time served by the prisoner before being sentenced in a facility under the supervision of the Adult Parole Authority.

*State, ex rel. Corder, v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. As such, the trial court makes a factual determination as to the number of days jail-time credit to which the prisoner is entitled by law to the Parole Board. See Crim.R. 32.2(D). This information is required to be included within the sentence itself. See R.C. 2949.12. Accordingly, the trial court had a duty to credit the appropriate jail time against appellant's sentence. *State v. Logan* (1991), 71 Ohio App.3d 292, 593 N.E.2d 395. However, R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based. *State v. Dawn* (1975), 45 Ohio App.2d 43, 74 O.O.2d 77, 340 N.E.2d 421.

■ In this case, appellant was incarcerated on a prior misdemeanor criminal conviction which was completely unrelated to the offense for which he was later sentenced by the trial court. Because the sentence in the municipal court case did not arise out of the offense for which appellant was convicted in this case, appellant is not entitled to additional jail-time credit. See *Logan, supra.* See, also, R.C. 2967.191. The trial court properly calculated the amount of jail-time credit to which appellant was entitled with regard to the charge on which he was sentenced. Accordingly, appellant's assignment of error is not well taken.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and DESHLER, JJ., concur.