OPINION
Steven A. Wale appeals from a denial of his "motion to correct sentence pursuant to O.R.C. 2949.12."
Wale presents no assignment of error but does present two issues for review:
 1) DOES APPELLANT HAVE A RIGHT TO JAIL CREDIT FROM JANUARY 21, 1997 to MAY 13, 1997 UNDER O.R.C. 2949.12.
 2) DOES THE MULTIPLE MISDEMEANORS PRECLUDE APPELLANT FROM BEING CREDITED FOR JAIL CREDIT WHILE AWAITING DISPOSITION ON CASE NUMBER 97-CR-53.
Wale was sentenced on April 25, 1997, to 14 months imprisonment on a fourth degree felony. He was transported to prison on May 13, 1997. On June 19, 1997, the trial court by entry gave Wale 53 days jail time credit against his 14 month sentence as follows: 8 days representing the period between his arrest January 21, 1997 and his release on his own recognizance by the municipal court on January 28, 1997; 45 days representing the period between his plea of guilty in common pleas court March 12, 1997 and sentencing April 25, 1997.
Wale claims to have been on Electronically Monitored House Arrest (EMHA) for "multiple misdemeanor" convictions from a time prior to his felony arrest until May 13, 1997, when he was transported to prison. As such, he claims he is entitled to jail time credit for the entire period from January 21 to May 13, 1997, citing R.C. 2949.12.
The controlling statute is R.C. 2967.191:
 The adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
It is clear from this statutory section that Wale is only entitled to credit for confinement "arising out of the offense for which the prisoner was convicted and sentenced." EMHA for unrelated multiple misdemeanors is not confinement arising out of the fourth degree felony for which Wale was convicted and sentenced. See State v. Smith (1992), 71 Ohio App.3d 302, construing predecessor version of R.C. 2967.191.
The record does not reflect that Wale was in jail on account of the fourth degree felony for more than the 53 days for which he was given credit prior to being transported to prison May 13, 1997. Accordingly, Wale has not demonstrated that the trial court erred in limiting the jail time credit against his felony sentence to 53 days.
The order appealed from will be affirmed.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
David M. Henry
Steven A. Wale
Hon. Jeffrey M. Welbaum