On September 24, 1998, the relator, Melvin McDougal, commenced this mandamus action against the respondent, the Cuyahoga County Common Pleas Court, to compel the court to grant him the proper jail time credit in the underlying cases,State v. McDougal, Cuyahoga County Common Pleas Court Case No. CR-298753. He maintains that he is entitled to 310 days of jail time credit. On October 1, 1998, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness and issue preclusion. Mr. McDougal never opposed this motion; however, on December 9, 1998, he moved to advance the case on the docket. For the following reasons, this court grants the motion for summary judgment and dismisses this writ action.
In State v. McDougal, Cuyahoga County Common Pleas Court Case No. CR-292137, on April 5, 1993, Mr. McDougal was sentenced to one and one-half years to five years for aggravated assault. On September 13, 1993, Mr. McDougal was returned from prison to face charges in the underlying case. On July 6, 1994, Mr. McDougal pleaded guilty to attempted gross sexual imposition; the trial court sentenced him to three to five years with the sentence to run concurrently with the term from the first case. Mr. McDougal stated that he returned to prison on July 21, 1994.
Mr. McDougal claims that he should be given credit for the 310 days he spent in jail between September 13, 1993, and July 21, 1994. To obtain this credit he repeatedly petitioned the trial court between June 1996 and April 1997 for such relief. In June 1997, he commenced a procedendo action, State ex rel.McDougal v. Court of Common Pleas of Cuyahoga County (Oct. 2, 1997), Cuyahoga App. No. 72638, unreported, to compel the court to rule on those motions. On August 22, 1997, the trial court made the following ruling on his jail time credit motions: "As per the agreement of July 6, 1994, between the State of Ohio and defendant Melvin McDougal, defendant's Motion for Jail Time Credit is hereby denied. This is reflected in the transcript." This court subsequently dismissed the procedendo action as moot.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel.Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio
(1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108, and State ex rel. Boardwalk ShoppingCenter, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86.
In the present case Mr. McDougal has or had an adequate remedy in appeal, either from the initial sentencing in the underlying case or from the denial of his jail time credit motions. By denying the motion for jail time credit, the trial court fulfilled its duty to state the number of days of jail time credit, in essence zero. It also fulfilled the duty to rule on the motions. After the trial court fulfills its duty, any further remedy would be through appeal. State ex rel.Robert Mitchell v. Court of Common Pleas of Cuyahoga County
(Apr. 9, 1998), Cuyahoga App. No. 73866, unreported, and Stateex rel. Michael Wilmore v. Judge Thomas Pokorny (Oct. 30, 1997), Cuyahoga App. No. 73098, unreported. Moreover, the desirability of appeal is highlighted in the present case, because appeal would allow this issue to be decided on the complete record. It appears that the issue of the 310 days could be decided by examining the transcript of the plea proceedings, which neither party supplied to the court in this writ action.
This court further notes that generally a defendant is not entitled to jail time credit for any period of incarceration which arose from facts separate and apart from the relevant case. State v. Smith (1992), 71 Ohio App.3d 302, 593 N.E.2d 402
and State v. Gregory (1995), 108 Ohio App.3d 264,670 N.E.2d 547. In the present case Mr. McDougal was also serving his sentence from Case No. CR-292137 during those 310 days.
Finally, Mr. McDougal brought this issue before the court in the procedendo action, which this court dismissed as moot because the trial court had fulfilled its duties. Thus, this subsequent mandamus action is barred by res judicata. State exrel. Cedric Johnson v. Judge Patricia Cleary (May 5, 1995), Cuyahoga App. No. 68734, unreported.
Accordingly, the court grants the respondent's motion for summary judgment and dismisses this case. Costs assessed against relator.
JAMES M. PORTER, J., CONCURS.
 _______________________________ PATRICIA A. BLACKMON, ADMINISTRATIVE JUDGE