DECISION AND JUDGMENT ENTRY
Brian D. Redman appeals the Ross County Common Pleas Court's denial of his motion to correct jail time credit. He assigns the following error:
 The trial court committed error in failing and refusing to include in the Appellant's record of conviction the total number of days he was confined in the Ross County Jail contrary to R.C. § 2949.12 and in violation of due process of the equal protection clauses of the United States Ohio Constitution [sic].
We find no merit in appellant's assigned error and affirm the trial court's judgment.
In November 1997, appellant pled guilty to one count of aggravated robbery. Shortly thereafter, he was sentenced to a definite term of seven years imprisonment to run concurrently with a sentence he was already serving from another jurisdiction. The court also credited appellant with nine days of jail time credit towards his sentence.
In May 2000, appellant filed a motion in the trial court to correct his jail time credit. In his motion, appellant argued that he was entitled to an additional jail time credit of 208 days which he served prior to his sentencing. The court found that appellant was not entitled to credit for this time because he was being held on more than one charge and received credit for that time on the other charge. The court also noted that the fact that appellant was to serve his sentence in this case concurrently with the sentence in the other case does not entitle appellant to credit for the pre-sentencing jail time. Appellant filed a timely appeal from this judgment entry.
The record reveals that appellant did not raise this issue in a timely manner. If there was an error in the court's sentencing entry, then the judgment should have been appealed at that time. "The issue of crediting a sentence with jail time served is one which should be raised on direct appeal." State v. Robinson (Oct. 23, 2000), Scioto App. No. 00CA2698, unreported, citing State v. Thorpe (June 30, 2000), Franklin App. Nos. 99AP-1180 and 99AP-1187, unreported, and State v. Flynn (Nov. 7, 1997), Ashtabula App. No. 96-A-0079, unreported. See, also, State ex rel. Jonesv. O'Connor (1999), 84 Ohio St.3d 426 (stating that an appeal is an adequate remedy by which to review sentencing errors in failing to calculate correct jail time credit). Appellant did not file a direct appeal and it is highly questionable whether he should be allowed, approximately three years later, to challenge that judgment.
Some appellate courts have held that errors in calculating jail time credit may be raised by means of a "motion for correction" so long as the appellant is claiming the court erred in the calculation of the credit and not an erroneous legal determination. Robinson, supra, citing State exrel. Corder v. Wilson (1991), 68 Ohio App.3d 567. However, appellant's argument is that the court was required by law to credit him with all jail time served related to this case; appellant did not argue that the court erroneously computed his jail time credit. This is a legal argument that should have been raised on direct appeal and it would be improper to allow appellant to raise it now.
Furthermore, even if this matter were timely raised, we are not persuaded that the court erred in denying appellant's motion. While the record is not entirely clear, it appears that appellant was arrested for an offense in Pickaway County for which he was being held prior to his plea in this case. The transcript of appellant's sentencing hearing indicates that the court was aware that appellant was being held pursuant to that case and then began serving a sentence in that matter. Therefore, the court did not credit appellant with the time served relating to the Pickaway County case.
R.C. 2967.191 governs jail-time credit and provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.
The statute requires that any sentence be reduced by the number of days the prisoner was confined for any reason arising out of the offense for which he was convicted. However, a defendant is not entitled to jail time credit for any period of incarceration which arose from facts separate and apart from those on which his current sentence is based. State v.Smith (1992), 71 Ohio App.3d 302.
In his brief to this Court, appellant acknowledges that prior to his sentencing in this case he was being held on this charge as well as another charge. The transcript of the sentencing hearing indicates that appellant received jail time credit for those days in another case. Therefore, appellant is not entitled to additional jail time credit in this case. The trial court properly calculated the amount of jail time credit to which appellant was entitled.
Accordingly, appellant's sole assignment of error is overruled and the trial court's judgment is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge