OPINION
Joe S. Brown appeals from a judgment of the Montgomery County Court of Common Pleas which denied his motion for correction of jail time credit.
Three separate criminal prosecutions are at issue in this matter: two in the Montgomery County Court of Common Pleas and one in the Kettering Municipal Court. The case numbers referred to hereinafter are Montgomery County Court of Common Pleas case numbers.
Brown was arrested on November 8, 1998, for arson and breaking and entering (Case No. 98-CR-4082). He was released on bond in that case on November 17, 1998. On December 4, 1998, Brown was arrested for felonious assault, intimidation, and failure to comply with an order or signal of a police officer (Case No. 98-CR-4593).
While Case Nos. 98-CR-4082 and 98-CR-4593 were pending, Brown was sentenced in the Kettering Municipal Court on January 2, 1999 on a misdemeanor unrelated to the other offenses at issue herein. He remained incarcerated on the misdemeanor offense until January 28, 1999.
On January 8, 1999, the trial court set bond in the amount of $250,000 in Case No. 98-CR-4593. Brown was unable to post the bond. Accordingly, he remained in jail awaiting trial on Case No. 98-CR-4593 after he had served his sentence on the Kettering misdemeanor offense.
On April 8, 1999, Brown was transferred to the Twin Valley Psychological Hospital for a competency evaluation in Case Nos. 98-CR-4082 and 98-CR-4593. He returned to the Montgomery County jail on October 20, 1999, and was found competent to stand trial. The trial court ultimately convicted Brown upon his guilty pleas of arson in Case No. 98-CR-4082 and of failure to comply with the order or signal of a police officer in Case No. 98-CR-4593. On January 27, 2000, the trial court sentenced Brown to eighteen months in each case, with the sentences to run concurrently. Brown was transported to the Correctional Reception Center ("CRC") on January 31, 2000. The termination entries provided that Brown was entitled to 107 days of jail time credit in Case No. 98-CR-4082 and to 223 days of jail time credit in Case No. 98-CR-4593.
On April 7, 2000, Brown filed motions for jail time credit in each case. On April 26, 2000, the trial court filed an entry increasing the amount of jail time credit that Brown was due on both cases as follows. In Case No. 98-CR-4082, Brown received credit for a total of 114 days: ten days for the time between his arrest and his release on bond and one hundred four days for the time between Brown's return from the psychological evaluation and his transfer to CRC. In Case No. 98-CR-4593, Brown received credit for a total of 399 days: thirty days for the time between his arrest and the start of his sentence in the Kettering misdemeanor case, seventy days for the period of incarceration prior to his transfer to Twin Valley Hospital, one hundred ninety five days for the period of confinement at Twin Valley Hospital, and one hundred four days for the time between Brown's return from the psychological evaluation and his transfer to CRC.
On June 27, 2000, Brown filed in the trial court a motion for correction of jail time credit in both cases, arguing that he was entitled to more credit. On July 25, 2000, before the trial court had ruled on the motion, Brown filed a motion for leave to file a delayed appeal in this court. The state filed a motion to dismiss the appeal, arguing that the issue was not ripe for appeal because of the pending motion in the trial court. We determined that Brown's delayed appeal would be allowed to proceed, but that we would first remand the matter to the trial court for it to rule on the motion to correct jail time credit. On September 1, 2000, the trial court affirmed its April 26, 2000 calculation of jail time credit.
Brown raises one assignment of error on appeal.
 THE TRIAL COURT COMMITTED ERROR TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO PROPERLY CALCULATE AND/OR ALLOCATE THE TOTAL AMOUNT OF JAIL TIME CREDIT TO WHICH APPELLANT IS ENTITLED BY LAW AGAINST IMPOSED SENTENCE CONTRARY TO R.C. § 2967.191, 2949.12, 2929.41 AND IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION RESULTING IN THE APPELLANT BEING UNLAWFULLY RESTRAINED OF HIS LIBERTY IN EXCESS OF (1) ONE YEAR ABOVE AND BEYOND THE STATED PRISON TERM IMPOSED BY THE TRIAL COURT.
Brown claims that he was entitled to more jail time credit in each of the Montgomery County cases. Pursuant to R.C. 2967.191, Brown was entitled to a reduction of his prison term by the total number of days that he was confined for any reason arising out of each offense prior to the start of his prison term.
Brown contends that he was entitled to 422 days of jail time credit in Case No. 98-CR-4082 reflecting the period from December 4, 1998, through January 31, 2000, rather than the 114 days awarded by the trial court. The record shows, however, that Brown was released on bond in Case No. 98-CR-4082 on November 17, 1998 and that he was not confined again for purposes of that case until April 8, 1999, when he was sent to the Twin Valley Psychiatric Hospital for a competency evaluation. Brown was arrested on December 4, 1998, in a separate case. He was not entitled to jail time credit in Case No. 98-CR-4082 for his arrest in a different case. See R.C. 2967.191. For purposes of Case No. 98-CR-4082, Brown's release on bond continued until April 8, 1999. The state concedes, however, that Brown was entitled to jail time credit in Case No. 98-CR-4082 for the time he was confined to Twin Valley Psychiatric Hospital. See State v. McComb (June 25, 1999), Greene App. No. 99 CA 8, unreported. The trial court did not give him credit for that period. Having concluded in Case No. 98-CR-4593 that Brown's stay at Twin Valley Psychiatric Hospital was "confinement" pursuant to R.C. 2949.08(C), the trial court should have credited Brown for 195 days in Case No. 98-CR-4082 as well as in Case No. 98-CR-4593.
With regard to Case No. 98-CR-4593, Brown claims that he was entitled to jail time credit for the entire period from his arrest on December 4, 1998 through his transport to the CRC on January 31, 2000. The trial court credited him for all of this time except for the period from January 3 through 27, or twenty-five days. During this period, Brown was serving a misdemeanor sentence imposed by the Kettering Municipal Court in an unrelated case. R.C. 2967.191 provides for jail time credit for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." Because Brown's confinement from January 3 through 27, 1999, was due to a separate misdemeanor offense and did not arise out of the offense at issue in Case No. 98-CR-4593, the trial court properly refused to give Brown jail time credit for that period. See State v. Smith (1992), 71 Ohio App.3d 302, 304.
Brown's assignment of error is sustained in part and overruled in part.
The judgment of the trial court in Case No. 98-CR-4593 will be affirmed. The judgment of the trial court in Case No. 98-CR-4082 will be modified to reflect additional jail time credit of 195 days, or a total jail time credit of 309 days.
BROGAN, J. and YOUNG, J., concur.