OPINION
On July 16, 1999, Appellant was arraigned and pled not guilty in Case NO. 99 CRB 590 for one count of Underage Consumption of Beer, a first degree misdemeanor.
On August 31, 1999, appellant changed his plea and entered a plea of guilty to said charge.
On October 11, 1999, appellant was arraigned and pled not guilty on a separate charge of Underage Consumption of Beer, a first degree misdemeanor, in Case No. 99 CRB 964.
On November 17, 1999, appellant was sentenced to 180 days in the Knox County jail on Case No. 99 CRB 590 and began serving said sentence immediately.
On November 17, 1999, appellant withdrew his former plea of not guilty and entered a plea of guilty in Case No. 99 CRB 964.
The trial court ordered a pre-sentence investigation in Case No. 99 CRB 964.
On February 28, 2000, the trial court sentenced appellant in Case No. 99 CRB 964 to 180 days in the Knox County jail but stayed imposition of the sentence pending acceptance into and completion of the Spencer House Program, an alcohol treatment program.
On March 6, 2000, the Court was notified that appellant was denied admission into the Spencer House Program.
As a result, the trial court imposed the original 180 day sentence in Case No. 99 CRB 964 and gave appellant jail time credit in this case for the time he had served from February 28, 2000, the date of sentencing.
Appellant served 77 days concurrently in Case No. 99 CRB 590 and 99 CRB 964 from February 28, 2000, to May 15, 2000, which marked the completion of his 180 sentence in Case No. 99 CRB 590.
Appellant served seven days from May 15, 2000, to May 22, 2000, solely on Case NO. 99 CRB 964.
On May 22, 2000, appellant was placed on intensive supervision and was released from jail.
On November 14, 2000, appellant was arrested and charged with a probation violation for alcohol consumption.
On December 19, 2000, at the probation violation hearing, appellant admitted to said violation, but argued that he had already served the 180 day sentence.
By Judgment Entry dated December 27, 2000, the Court sentenced appellant to serve the remaining 96 days of his 180 day jail term in Case No. 99 CRB 964, crediting appellant with the 84 days he served from February 28, 2000, to May 22, 2000.
It is from this decision that appellant appeals, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT DAILY CREDIT FOR HIS 104 DAYS OF INCARCERATION AFTER CONVICTION, BUT BEFORE SENTENCING, WHILE AWAITING COMPLETION OF A PRE-SENTENCE INVESTIGATION, SUCH THAT APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL DOUBLE JEOPARDY RIGHTS PROTECTING HIM AGAINST MULTIPLE PUNISHMENT FOR THE SAME OFFENSE WERE VIOLATED.
The Ohio legislature passed R.C. 2967.191 to enable defendants to receive credit for time spent awaiting trial. The statute provides:
 OH ST §§ 2967.191CREDIT FOR CONFINEMENT AWAITING TRIAL AND COMMITMENT
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
The power to credit a defendant for jail time does not rest with trial court. Moss v. State 1986 WL 849 (Ohio App. 4 Dist.) The statute vests the authority to give jail time credit in the Department of Rehabilitation and Correction, not in the sentencing court. Id.
The trial court makes the factual determination as to the actual number of days which may be credited by law to the defendant, and then submits same to the Department of Rehabilitation and Correction. State v. Smith
(1992), 71 Ohio App.3d 302.
The Department of Rehabilitation and Correction may give credit only for jail time served in relation to the charge upon which a defendant is sentenced. Moss, supra.
In the case sub judice, the Appellant was not sentenced in Case No. 99 CRB 964 until February 28, 2000. The time served by the Appellant from November 17, 1999, to February 28, 2000, was time served solely on Case No. 99 CRB 590, which was a separate, unrelated offense from Case No. 99 CRB 964.
Appellant argues that the failure of the trial court to give him credit for the time he served from November 17, 1999, to February 28, 2000, violated his federal and state constitutional Double Jeopardy rights.
While it is true that Appellant was in jail from the time of entering his plea until his sentencing in Case No. 99 CRB 964, such jail time was due to the serving of his sentence in Case No. 99 CRB 590.
The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks,521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v.United States (1995), 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351,361. As noted in State v. Williams (2000), 88 Ohio St.3d 513, 527-528.
In State v. Uskert (1999), 85 Ohio St.3d 593, 595, the Supreme Court of Ohio discussed double jeopardy as follows:
 As this court recognized recently, `the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.' State v. Gustafson (1996), 76 Ohio St.3d at 432, citing United States v. Halper
(1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496.
Upon review, as we find the two offenses in this matter are separate and unrelated and that separate sentences were appropriate, we find appellant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions were not violated.
Furthermore, the trial did grant Appellant credit for the 77 days served concurrently in Case No. 99 CRB 590 and 99 CRB 964 from February 28, 2000, to May 15, 2000, thereby running Appellant's sentences for the two cases concurrently from the time of sentencing on February 28, 2000.
For the above-stated reasons, we find Appellant's sole assignment of error not well-taken and overrule same.
The judgment of the Mount Vernon Municipal Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio is affirmed. Costs to appellant.
Boggins, J.
Farmer, P.J. and Hoffman, J. concur.