DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which sentenced appellant, Michael Duren, to a term of incarceration. For the reasons that follow, we affirm the decision of the trial court.
Appellant was arraigned on the charges in this case on June 25, 1998. Bond was set at $100,000, with no ten percent allowed. Following a mistrial in April 1999 due to a hung jury, appellant eventually pled guilty, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, on August 30, 1999, to involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A)(1)(a), and aggravated robbery, a felony of the second degree, in violation of R.C. 2911.01(A)(1). In an October 4, 1999 judgment entry, appellant was sentenced to nine years on the charge of involuntary manslaughter and four years on the charge of aggravated robbery. The trial court did not award appellant credit for time served because appellant was incarcerated during the pendency of this case on a sixty-three month sentence for a federal drug trafficking conviction. The sentences were ordered to be served consecutively to one another, but concurrently with the federal sentence.
Appellant appealed the judgment of the trial court, but the original appeal was dismissed. On January 5, 2001, we granted appellant's request to have his appeal reopened. Appellant raises the following sole assignment of error:
 "The Trial Court erred by not granting Defendant credit for time served while in custody on the instant charges."
Appellant argues that he should be given credit for the time he was held in the Lucas County Corrections Center during the pendency of this case because, regardless of the federal sentence, he would not have been released in light of the $100,000 bond.
Pursuant to R.C. 2967.191, a defendant shall be given credit for pretrial confinement for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." R.C. 2967.191, however, "does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based."[1] We have previously held that, even when bond has been set on a case, but has not been posted, a defendant still is not entitled to credit for time served while incarcerated on a separate matter.[2]
Accordingly, we find appellant's sole assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is therefore affirmed. Costs of this appeal to be paid by appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] State v. Smith (1992), 71 Ohio App.3d 302, 304, citing, State v.Dawn (1975), 45 Ohio App.2d 43.
[2] State v. Kahler (Mar. 3, 1995), Sandusky App. No. S-94-11, unreported.