OPINION
 STATEMENT OF THE FACTS AND CASE
On September 11, 1999, Appellant was arrested by the Ashland Police Department for Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs.
On November 12, 1999, Appellant was indicted on one count of Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs, in violation of R.C. § 4511.19(A)(3), one count of Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs, in violation of R.C. § 4511.19(A)(1), and Possessing Criminal Tools.
On February 14, 2000, Appellant was arraigned on the above charges and entered a plea of not guilty.
Appellant posted bond and was released from the Ashland County Jail on April 7, 2000.
On June 1, 2000, Appellant, withdrew his former plea of not guilty and entered a plea of guilty to Count One of the indictment, Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs in violation of R.C. § 4511.19(A)(3).
Pursuant to the plea agreement, the Court sustained the State's Motion to Dismiss the two remaining counts contained in the indictment.
Appellant failed to show at the sentencing hearing which was scheduled for July 24, 2000, at 1:00 p.m.
The Court issued a bench warrant for Appellant's arrest and rescheduled the sentencing hearing for November 27, 2000.
The bench warrant was filed July 26, 2000.
On September 27, 2000, Appellant was indicted for a Violation of Release on Own Recognizance, Case No. 00-CRI-07966.
On November 5, 2000, Appellant, after being located in the State of North Carolina, was served with the new indictment and was arrested on the bench warrant in Case No. 99-CRI-07861.
On November 6, 2000, Appellant was brought before the Court on the bench warrant and to set bond in the above cases. Bond was continued in Case No. 99-CRI-07861 and set in Case No. 99-CRI-07966.
Sentencing was rescheduled to December 18, 2000, and upon motion of defense counsel was again continued to January 12, 2001.
On December 14, 2000, Appellant was indicted on one count of Failure to Appear and was arraigned on said charge on December 22, 2000.
At the arraignment the State dismissed the former charge of Violation of Release on Own Recognizance in Case No. 00-CRI-07966, and transferred all pleadings and bond to the new case, that being Case NO. 00-CRI-08006.
At the sentencing hearing on December 18, 2000 in Case No. 99-CRI-07861, Appellant moved the court to allow him to withdraw his former guilty plea, which the court granted. A trial by jury was set in this matter for March 8, 2001.
On February 11, 2001, a trial was held in Case No. 00-CRI-8006 wherein Appellant was found guilty of the charge of Failure to Appear. Sentencing was set for March 12, 2001.
On March 8, 2001, the day of trial, Appellant's counsel moved the court to dismiss the charges arguing that Appellant had not been afforded a speedy trial.
The trial court denied Appellant's Motion to dismiss, finding:
 ". . . for the reasons set forth by the State here with regard to the various holders and other situations brought on by the defendant himself with regard to why it has taken this matter so long to be brought to trial."
Appellant again withdrew his not guilty plea in Case No. 99-CRI-07861 and entered a plea of guilty to Count One, Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs in violation of R.C. § 4511.19(A)(3).
On March 12, 2001, Appellant was sentenced to twelve (12) months incarceration in the Ashland County Jail on Case No. 99-CRI-07861, the maximum jail term. Appellant was credited with sixty (60) days of jail time, with the Court finding that it was "not going to grant any additional jail-time credit, finding that from that time on, there were holders on the defendant from other jurisdictions, thereby defeating this argument with regard to time served when the offender was returned."
The Court also ordered that Appellant's sentences (Case No. 99-CRI-07861 and 00-CRI-8006) were to run consecutively. (Appellant was sentenced to sixteen (16) months incarceration in Case NO. 00-CRI-8006).
The sentencing entry was filed March 23, 2001.
On June 19, 2001, Appellant filed a pro se motion for 127 days of jail time credit for time served at the Lorain Correctional Institution.
By Entry dated June 26, 2001, the trial court denied said motion for jail time credit.
On July 17, 2001, Appellant filed the instant appeal, assigning the following errors:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT, A FIRST TIME FOURTH DEGREE OMVI OFFENDER, TO SERVE A TWELVE MONTH JAIL TERM CONSECUTIVE TO A PRISON TERM.
 II. THE TRIAL COURT ERRED WHEN IT CREDITED APPELLANT WITH ONLY SIXTY (60) DAYS OF JAIL TIME CREDIT FOR TIME SPENT IN LOCAL CONFINEMENT.
 III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE SIXTH
AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AD ARTICLE I § 10 OF THE OHIO CONSTITUTION.
 I.
Appellant argues that the trial court erred in ordering consecutive sentences in this matter. We agree.
In the case sub judice, Appellant was sentenced to twelve (12) months local incarceration for a first time fourth-degree OMVI offense.
A sentence of local incarceration is not the same as a sentence of imprisonment. "Local incarceration" is served in a jail, or other state residential facility. A "prison term" is served in a prison under the authority of the Department of Rehabilitation and Correction.
Revised Code § 2929.41 and R.C. § 2929.14 (E) control the imposition of consecutive sentencing for multiple terms of imprisonment.
Revised Code § 2929.13(G)(1) prohibits a trial court from imposing a "prison term" upon a first-time felony DUI offender and mandates a sixty-day term of local incarceration. The trial court has no discretion under R.C. 2929.14(E)(4) to order appellant's "jail" term for his first DUI offense served consecutively to his "prison" term.
The trial court was prohibited from ordering appellant's sentence to be served consecutively because a "prison" sentence may not be ordered to be served consecutive to a "jail" sentence.
We find Appellant's first assignment of error well-taken and sustain same.
 II.
Appellant argues that the trial court erred in only crediting him with sixty (60) days of jail time credit. We disagree.
R.C. § 2967.191 governs reduction of prison term for prior confinement and states as follows:
 The adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
Although it is the adult parole authority's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567.
Appellant argues he is entitled to jail time credit for the time spent from October 28, 2000 to March 12, 2001, totaling 136 additional days.
A defendant is not entitled to jail time credit under R.C. §2967.191 for any period of incarceration which arises from facts separate and apart from those on which the current sentence is based. State v.Logan (1991), 71 Ohio App.3d 292, 300. As stated in State v. Callender
(February 4, 1992), Franklin App. No. 91AP-713, unreported, under Crim.R. 32.2(D) and R.C. § 2967.191, a trial court is not required to recognize duplicate or multiple pretrial detention credit.
The trial court only credited Appellant with the initial 60 days spent in jail prior to posting bond. The Court found that all time served in jail after that initial 60 day period:
 "there were holders on the defendant from other jurisdictions, thereby defeating this argument with regard to time served when the offender returned." (March 12, 2001, T. at 8.)
Defense counsel also acknowledged the existence of such holders. (March 12, 2001, T. at 5.)
In State v. Smith (1992), 71 Ohio App.3d 302, the court stated that the statute "does not entitle a defendant to jail-time credit from facts which are separate and apart from those on which his current sentence is based." After repeating the above, State v. Logan (1991),71 Ohio App.3d 292, goes on to say that "[s]ince the defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail-time credit." Id. at 300.
The holders from the other jurisdictions were in no way related to the charges in the case sub judice.
We therefore find in the present case, the trial court did not abuse its discretion in only crediting Appellant with 60 days of jail-time credit in this case.
Appellant's second assignment of error is denied.
 III.
In the third assignment of error, appellant argues that appellant's trial counsel was ineffective when he failed to timely file a motion to dismiss based on speedy trial violations. We disagree.
The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases set forth a two-pronged analysis.
The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143 (citing Strickland,466 U.S. at 697.)
We note that a properly licensed attorney is presumed competent. SeeVaughn v. Maxwell (1965), 2 Ohio St.2d 299; State v. Calhoun (1999),86 Ohio St.3d 279. In reviewing a claim of ineffective assistance of counsel, the United States Supreme Court has stated:
 Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134, 102 S.Ct. 1558, 1574-1575, 71 L.Ed.2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Michel v. Louisiana, supra, 350 U.S., at 101, 76 S.Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. See Goodpaster, The Trial for Life: Effective Assistance of Counsel in Death Penalty Cases, 58 N.Y.U.L.Rev. 299, 343 (1983).
 Strickland v. Washington, 466 U.S. 668, 689-690.
In light of the Supreme Court's guidance, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49.
It has been held by the Ninth District Court of Appeals that "[t]he decision to plead guilty to charges after the speedy trial process has passed, in exchange for the dismissal of other charges may, however, be a valid trial strategy." City of Akron v. Radcliffe (May 3, 2000), Summit App. No. 19704, unreported.
In the instant case, the State of Ohio dismissed Counts Two and Three of the indictment which had charged Appellant with an alternate charge of operating a motor vehicle while under the influence of drugs and/or alcohol and a charge of possessing criminal tools.
Based on the above, we do not find that Appellant has demonstrated operative facts to rebut the presumption the conduct of his counsel was reasonable. Id.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed in part, reversed in part and remanded. Costs to be assessed to be appellant.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.