ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On September 17, 2003, the relator, Mark Bolden, commenced this mandamus action against the respondent, Judge Kathleen Ann Sutula, to compel her to rule on a motion for jail time credit, which he filed on July 17, 2003, in the underlying case, State of Ohio v. Mark Bolden,
Cuyahoga County Common Pleas Court Case No. CR-424350. On October 15, 2003, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to this dispositive motion was a copy of a certified, signed and file-stamped entry which read: "Defendant's motion, filed July 17, 2003, to correct jail time credit is denied. The court sentenced defendant on August 27, 2003, to 8 months consecutive to the sentence imposed by Judge Kilbane-Koch on Cr 417859. The court will not give additional jail time credit since the defendant was serving a sentence of 1 year imposed on May 23, 2002 on Cr 417859."[1] Mr. Bolden did not file a response to the motion for summary judgment.
 {¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus.
 {¶ 3} In the present case the respondent has established that she has fulfilled her duty to rule on the subject motion and that Mr. Bolden has received his requested relief, a ruling on his jail time credit motion. Appeal, if timely filed, provides the remedy for any further relief Mr. Bolden may seek. State ex rel. Jones v. O'Connor,84 Ohio St.3d 426, 1999-Ohio-470, 704 N.E.2d 1223; State ex rel. Wilmorev. Judge Pokorny (Oct. 30, 1997), Cuyahoga App. No. 73098; and State exrel. Smith v. Court of Common Pleas of Cuyahoga County (Mar. 18, 1999), Cuyahoga App. No. 75921.
 {¶ 4} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANNE L. KILBANE, P.J., CONCURS.
 SEAN C. GALLAGHER, J., CONCURS.
[1] A review of the docket in the underlying case reveals that Judge Sutula actually sentenced Mr. Bolden on August 27, 2002. The court further notes that a defendant is not entitled to jail time credit for any period of incarceration arising from facts separate and apart from those on which the current sentence is based. State v. Smith (1992),71 Ohio App.3d 302, 593 N.E.2d 402 and State v. Logan (1991),71 Ohio App.3d 292, 593 N.E.2d 395.