[Cite as *State v. Zimmerman*, 2017-Ohio-4372.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 16 CA 18 |
| PAUL ZIMMERMAN | |
|     Defendant-Appellant | O P I N I O N |



CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. 15 CR 53


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    June 16, 2017


APPEARANCES:

For Plaintiff-Appellee

JASON W. GIVEN
PROSECUTING ATTORNEY
318 Chestnut Street
Coshocton, Ohio 43812

For Defendant-Appellant

BRIAN W. BENBOW
BENBOW LAW OFFICES
605 Market Street
Zanesville, OHio 43701

*Wise, John, J.*

{¶1}   Appellant appeals his sentence entered on July 22, 2016, in the Coshocton County Court of Common Pleas.

{¶2}   Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶3}   On October 22, 2013, Appellant Paul Zimmerman was indicted for two counts of Trafficking in Heroin in Coshocton County Common Pleas Court, case number 13 CR 0136.

{¶4}   On February 2, 2015, Appellant entered a plea of guilty to both counts of trafficking in heroin. The trial court ordered a pre-sentence investigation.

{¶5}   By Judgment Entry filed February 25, 2015, a dispositional hearing was set for March 10, 2015.

{¶6}   On March 11, 2015, the trial court issued a bench warrant for Appellant's arrest finding that his whereabouts were unknown.

{¶7}   On March 20, 2015, Appellant was indicted in case number 15 CR 0012 on one count of felonious assault, a first-degree felony, and one count of failure to comply with order or signal of police officer, a third-degree felony.

{¶8}   On March 26, 2015, Appellant was arrested in the State of Florida. Appellant was extradited to the State of Ohio and held in the Coshocton County Justice Center.

{¶9}   On April 20, 2015, Appellant was indicted in case number 15 CR 0053 on one count of aggravated possession of drugs (methamphetamine), a third degree felony.

{¶10}  On April 24, 2015, the trial court sentenced Appellant to an aggregate prison term of 22 months in case number 13 CR 0136.

{¶11} On July 15, 2016, the trial court held a combined plea and sentencing hearing on Case No. 15-CR-0012 and 15 CR 0053. At the time of the Sentencings in case no. 15 CR 0012 and 15 CR 0053, Appellant was serving his prison sentence in 13 CR 0136.

{¶12} In case 15-CR-0012, Appellant pled guilty to an amended count of Attempted Felonious Assault, a felony of the second degree, and one count of Failure to Comply with the Order or Signal of a Police Officer, a felony of the third degree. In case 15-CR-0053, Appellant pled guilty to one count of Possession of Drugs, a felony of the fifth degree.

{¶13} The trial court accepted Appellant's pleas of guilty, found Appellant guilty, and proceeded directly to sentencing in both cases.

{¶14} In Case No. 15-CR-0012, the trial court sentenced Appellant to four (4) years of incarceration for the violation of Attempted Felonious Assault and twenty-four (24) months of incarceration for the violation of Failing to Comply with the Order or Signal of a Police Officer. (T. at 20). The trial court ordered that these two sentences served consecutively. *Id.*

{¶15} In Case No. 15-CR-0053, the trial court sentenced Appellant to eleven (11) months incarceration for the violation of Possessing Drugs and further ordered this sentence served concurrently to the sentences in case number 15 CR 0012. (T. at 21). The trial court granted Appellant eighty-six (86) days of jail time credit. (T. at 23).

{¶16} During the pendency of case no. 15 CR 0012 and 15 CR 0053, Appellant spent a total of twelve (12) days in pretrial detention in Case 15 CR 0012 and a total of four (4) days in pretrial detention in case number 15 CR 0053.

**{¶17}** Appellant now appeals, assigning the following error:

ASSIGNMENT OF ERROR

**{¶18}** "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT PROPERLY CREDITING APPELLANT WITH CREDIT FOR JAIL TIME SERVED."

I.

**{¶19}** Appellant argues that the trial court erred in calculating his jail time credit. We disagree.

**{¶20}** Appellant herein argues that he should have been granted 484 days of jail time credit rather than 86 days. Appellant claims that he should be given credit for all presentencing incarceration for the days from March 26, 2015, until the date of sentencing on July 15, 2016.

**{¶21}** As thoroughly analyzed by this Court in *State v. Marini*, 5th Dist. Tuscarawas No. 09–CA–6, 2009–Ohio–4633, ¶16, "Ohio courts have repeatedly recognized that time spent serving a jail sentence in another case will not be credited toward another felony case, even if the felony was pending at the time of the service of the jail sentence." In *Marini,* this Court stated the following at ¶ 5:

> The case law confirms that the felony offense of conviction must be a legal cause for the defendant's prior confinement in order for that confinement to be creditable. As the Tenth District Court of Appeals stated in *State v. Smith* (1992), 71 Ohio App.3d 302, 304, 593 N.E.2d 402, "R.C. 2967.191 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit

for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based.

**{¶22}** As the statutes and case law indicate, Appellant cannot receive jail time credit in this case for his confinement on the previous case. Each sentence arose out of unrelated cases. As stated in *Marini,* at ¶ 22:

> The language of R.C. 2967.191 does not allow the convicted person to turn his confinement for various convictions into a 'bank' of jail time that he 'withdraw' as needed for pending felony offenses.

**{¶23}** Here, Appellant was given jail-time credit for the 86 days for his incarceration in the Coshocton County Jail. He was not entitled to credit from the time he was arrested on April 21, 2015 until his sentencing on July 15, 2016, as he was already incarcerated with the Department of Corrections and Rehabilitation, serving his prison term imposed in Case No. 13 CR 0136.

**{¶24}** Upon review, we find the trial court did not err in computing Appellant's jail time credit. Appellant in this case received the correct amount of jail time credit due him

{¶25}  Appellant's sole Assignment of Error is overruled.

{¶26}  For the foregoing reasons, the judgment of the Coshocton County Court of Common Pleas is hereby affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/d 0605