[Cite as *State v. Boyd*, 2018-Ohio-773.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-17-019

     Appellee                                  Trial Court No. 17 CR 008

v.

Bryant Boyd                                      **DECISION AND JUDGMENT**

     Appellant                                 Decided:  March 2, 2018

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and Barbara
Galle Rivas, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Following his guilty plea, defendant-appellant, Bryant Boyd, appeals his

conviction and sentences entered by the Ottawa County Court of Common Pleas.  For the

reasons set forth below, we affirm the decision of the trial court.

{¶ 2} On February 24, 2016, the Ottawa County Grand Jury returned a five count indictment against appellant in case No. 2016-CR-I 020A (the "2016 case"). The indictment charged three counts of trafficking heroin in violation of R.C. 2925.03(A)(1) and two counts of possession of heroin in violation of R.C. 2925.11(A). The offenses charged in the 2016 indictment involved crimes that were alleged to have occurred between September 21, 2015 and December 2, 2015.

{¶ 3} On February 1, 2017, the Ottawa County Grand Jury returned a four count indictment against appellant in case No. 2017-CR-I 008A (the "2017 case"). The indictment charged one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the third degree ("count one"); one count of trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the fourth degree ("count two"); one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree ("count three"); and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree ("count four"). The offenses charged in the 2017 indictment involved crimes that were alleged to have occurred on or about January 18, 2017. Appellant was given 71 days of jail time credit in the 2017 case.

{¶ 4} On April 12, 2017, appellant entered a plea of guilty to all four counts alleged in the 2017 case. In exchange, the state of Ohio promised to dismiss the 2016 case. During the allocution stage of the hearing, appellant initially refused to accept responsibility for the allegations set forth in count three of the 2017 case. Specifically, appellant claimed that fentanyl found in a house he "wasn't in" did not belong to him.

2.

The state indicated, "In order for this plea agreement to work, [appellant] has to admit his guilt as to the possession.  Without that, we need to essentially renegotiate * * * or go to trial."  A brief recess was held.  Thereafter, appellant indicated he agreed to the facts set forth on the record by the state of Ohio.

{¶ 5} The trial court found that appellant made a knowing, intelligent, voluntary decision to withdraw his previous not guilty plea and tender a plea of guilty to all four counts in the 2017 case.  The trial court sentenced appellant to 36 months in prison as to count one, 18 months in prison as to count two, 12 months in prison as to count three, and 30 days of incarceration as to count four.  The trial court ordered the sentences in counts one, two, and three to run consecutive to one another and concurrent with the sentence imposed in count four, for a total of 66 months in prison.  Appellant was given jail time credit for 71 days served in the 2017 case.

{¶ 6} Appellant timely appealed, raising three assignments of error.

## FIRST ASSIGNMENT OF ERROR

{¶ 7} In his first assignment of error, appellant asserts: "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREDIT APPELLANT WITH THE TOTAL NUMBER OF DAYS OF JAIL TIME SERVED."  Appellant argues the trial court erred when it failed to grant jail time credit for approximately eight months he was confined while awaiting trial in the 2016 case.

{¶ 8} In response, the state contends that the trial court cannot grant jail time credit for time appellant was confined in the 2016 case because the 2016 case arose from

3.

facts separate and apart from those on which his sentence in this matter is based. We agree.

{¶ 9} R.C. 2967.191 governs the issue of jail time credit. It provides that a prison term shall be reduced "by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial." (Emphasis added.) *Id.* These reasons include "confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * * confinement in a juvenile facility." *Id.*

{¶ 10} Numerous courts have held:

> R.C. 2967.171 requires that jail credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period of incarceration which arouse from facts which are separate and apart from those on which his current sentence is based. *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (10th Dist.1992), citing *State v. Dawn*, 45 Ohio App.2d 43, 340 N.E.2d 421 (1st Dist.1975).

*See also State v. Goehring*, 6th Dist. Ottawa No. OT-03-035, 2004-Ohio-5240, ¶ 9.

{¶ 11} Here, the time appellant served awaiting trial in the 2016 case cannot be applied as jail time credit in this matter. The offenses alleged in the 2016 case involved trafficking and possession of heroin and occurred on five separate occasions between

4.

September 21, 2015, and December 2, 2015. The offenses alleged in the 2017 case involved trafficking and possession of fentanyl and cocaine which occurred on February 1, 2017. The offenses occurred on different dates and involved different drugs. Thus, the crimes alleged in the 2016 case were separate and apart from the offenses for which the trial court imposed felony sentences in this matter. Accordingly, we find no merit in appellant's first assignment of error.

## SECOND ASSIGNMENT OF ERROR

{¶ 12} In his second assignment of error, appellant asserts: "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH [AMENDMENT] TO THE UNTIED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."

{¶ 13} In order to prevail on this ground, appellant must establish: (1) trial counsel's performance was deficient; and (2) the deficient performance prejudiced the appellant. *State v. Kole*, 92 Ohio St.3d 303, 306, 750 N.E.2d 148 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 694. A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." *Id.* When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

5.

Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

{¶ 14} Appellant argues that defense counsel's performance fell below the objective standard of reasonable care when she (1) waived a pre-sentence report; and (2) failed advocate for concurrent sentences.

{¶ 15} Upon review of the record, we find that it was not unreasonable for defense counsel to waive a pre-sentence report. There is nothing in the record to suggest that a presentence investigation report would have provided any mitigation. While trial counsel did not specifically request appellant's sentences be served concurrently, she did ask the trial court for "less than a maximum sentence * * * a minimum amount of time for Mr. Boyd." She also asked the trial court to "keep in mind that [appellant] served already about eight months on that case that got dismissed."

{¶ 16} Under these circumstances, we find no merit in appellant's argument that trial counsel's performance was deficient or that the performance prejudiced the appellant. Accordingly, we find no merit in appellant's second assignment of error.

## THIRD ASSIGNMENT OF ERROR

{¶ 17} In his third assignment of error, appellant asserts: "THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD." Appellant argues that because limited information was provided by the parties during the plea colloquy, the trial court erred when it sentenced appellant to a maximum, consecutive sentences because the record does not support a "sufficient factual basis to find appellant guilty of the four charges."

6.

{¶ 18} At the plea hearing, appellant indicated he did not disagree "with what the State of Ohio has given as facts in this matter[.]" The facts, as stated by the prosecutor follow:

In regard to Count 1 Mr. Boyd did sell Fentanyl * * * which is a Schedule II controlled substance. The lab results came back as pure Fentanyl, or no trace of heroine, but actually Fentanyl, and this trafficking transaction took place within the vicinity of a juvenile.

Additionally, as to Count 2, again, on the 18th day of January 2017, Mr. Boyd at the same time to the same informant did additionally sell cocaine to the informant, again, in the vicinity of a juvenile.

As to Count 3, after Mr. Boyd was the initial – trafficking charges were then utilized to obtain a search warrant for the residence. Upon obtaining the search warrant for the residence, the residence was searched.

Upon entering the structure, entering this home, we spoke to one of the occupants of the home, asked where Mr. Boyd had been staying in there, in the room, they pointed to the master bedroom of the location.

In that room, $710 of currency was located tucked between a bed and a mattress in that bedroom. $200 of that was the marked buy money used by the confidential informant prior.

Additionally, when speaking with the residents, in the bedroom where Mr. Boyd had been staying, there was a bindle with a white substance in there. The

7.

white substance was later identified as Fentanyl along with several other belongings of Mr. Boyd.

As to Count 4, which was the digital scale, paraphernalia, a digital scale was located in the basement and that scale also had a white powdery residue on it. That white powdery residue was not tested by the lab due to the lack of any amount.

{¶ 19} Count one alleged appellant "did knowingly sell fentanyl, a Schedule II controlled substance, in an amount less than bulk amount" within the vicinity of a juvenile in violation of R.C. 2925.03(A)(1). Appellant admitted to the elements of this offense.

{¶ 20} Count two alleged appellant "did knowingly sell or offer to sell cocaine, a schedule II controlled substance, in an amount less than five grams" within the vicinity of a juvenile in violation of R.C. 2925.03(A)(1). Appellant admitted to the elements of this offense.

{¶ 21} Count three alleged appellant "did knowingly obtain, possess, or use fentanyl, a Schedule II controlled substance, in an amount less than the bulk amount" in violation of R.C. 2925.11(A). Appellant admitted to the elements of this offense.

{¶ 22} Count four alleged appellant "did knowingly obtain, possess, or use, or possess with purpose to use, drug paraphernalia" in violation of R.C. 2925.14(C)(1). Appellant admitted to the elements of this offense.

8.

**{¶ 23}** Contrary to appellant's assertions, the record contains a sufficient factual basis to find appellant guilty of all four charges. Accordingly, we find no merit in appellant's third assignment of error.

## {¶ 24} CONCLUSION

**{¶ 25}** For the reasons set forth above, the judgment of the trial court is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                _____
                                                                  JUDGE

Thomas J. Osowik, J.

                                  _____
James D. Jensen, J.                                                      JUDGE
CONCUR.

                                  _____
                                                                  JUDGE

9.