OPINION
{¶ 1} Appellant, Steven K. Russell ("Russell"), appeals the September 25, 2003 judgment entry of the Common Pleas Court of Marion County denying his motion for jail time credit.
 {¶ 2} On January 31, 2002, Russell, who was incarcerated in North Central Correctional Institution, spit on one of the teachers at the institution. Russell was then placed in the segregation unit. On February 4, 2002, Russell was read his Miranda rights and interviewed regarding the incident. The matter was then referred to the Marion County Prosecutor's Office.
 {¶ 3} On April 25, 2002, Russell was indicted on one count of harassment by an inmate, a felony of the fifth degree, in violation of R.C. 2921.38(A). Russell entered a plea of not guilty to the charge on May 1, 2002. At the pretrial hearing on June 11, 2002, Russell withdrew his plea of not guilty and entered a plea of guilty to the charge of harassment by an inmate. On the same day the trial court sentenced Russell to a prison term of six months to be served consecutively to any existing sentences. The court further ordered that Russell "be given credit for zero days of local jail time that he was confined through the date of sentencing for any reason arising out of this offense." June 13, 2002 Judgment Entry, p. 2.
 {¶ 4} Russell then filed a motion for jail time credit on September 19, 2003, which the trial court overruled on September 25, 2003. It is from this judgment that Russell now appeals, asserting the following two assignments of error.
Trial court erred by denying appellant jail time credit.
 The trial court committed plain error when it failed to statea basis for it's [sic] holdings denying jail time credit.
 {¶ 5} The first and second assignments of error concern the same issue: whether the trial court erred when it denied Russell's motion for jail time credit.
 {¶ 6} The statute in Ohio that governs jail time credit is R.C. 2967.191, which provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term. (emphasis added.)
The sentencing court generally makes the factual determination regarding the number of days that the prisoner was confined for any reason arising out of the subject offense and the Department of Rehabilitation and Correction is the body statutorily mandated to credit the time served and appropriately reduce the prisoner's sentence. State v. Fair, 136 Ohio App.3d 184, 188,2000-Ohio-1614, 736 N.E.2d 82.
 {¶ 7} While Russell was serving a sentence of imprisonment in North Central Correctional Institution he committed a crime in the prison for which he was subsequently indicted. Upon his plea of guilty, Russell was sentenced to another term of imprisonment to be served consecutively to the term then being served. Russell claims that R.C. 2967.191 mandates that he be awarded jail time credit for the time between the date of the commission of the offense and the date of entry of his new, additional sentence. This argument is not well taken.
 {¶ 8} R.C. 2967.191 "does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." State v. Smith (1992),71 Ohio App.3d 302, 304, 593 N.E.2d 402, citing State v. Dawn (1975),45 Ohio App.2d 43, 340 N.E.2d 421. Pending his indictment, plea and sentence, Russell spent no period of incarceration related to the offense underlying the sentence against which he seeks credit for time served. Russell has so far spent no period of incarceration referable to the crime for which he was sentenced in the instant case. The time Russell served pending his new and additional sentence counts fully against the sentence he is and was serving at the time the new offense was committed. Russell is not entitled to double credit for that period of imprisonment.
 {¶ 9} Since Russell's incarceration was not for a charge "arising out of the offense for which the prisoner was convicted and sentenced" and Russell was not being held solely on the harassment by an inmate offense for which he was convicted and sentenced, the trial court acted properly when it denied his motion for jail time credit. Russell's first and second assignments of error are not well-taken and are overruled. Accordingly, the judgment of the Common Pleas Court of Marion County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.