[Cite as *State v. Irwin*, 2012-Ohio-2720.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 CO 7 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ANDREW G. IRWIN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from the Court of
                                Common Pleas of Columbiana County,
                                Ohio
                                Case No. 2010 CR 171

JUDGMENT:                       Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Robert Herron
                                 Columbiana County Prosecutor
                                 Atty. Ryan P. Weikart
                                 Assistant Prosecuting Attorney
                                 105 South Market Street
                                 Lisbon, Ohio  44432

For Defendant-Appellant:         Atty. Douglas A. King
                                 Hartford, Dickey & King Co., LPA
                                 91 West Taggart Street
                                 P.O. Box 85
                                 East Palestine, Ohio  44113

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  June 13, 2012

WAITE, P.J.

{¶1}   Appellant Andrew Irwin appeals his convictions on charges of assault on a police officer and harassment with a bodily substance.  The crimes occurred while he was being held in the Columbiana County Jail awaiting retrial for the murder of Emily Foreman.  The offenses were fifth degree felonies.  He pleaded guilty to both charges.  Prior to the sentencing hearing in this case, he was convicted of the murder.  A joint sentencing hearing in this case and the murder case occurred shortly thereafter.  The court imposed fifteen years to life in prison on the murder conviction, and then imposed two consecutive nine-month prison terms in the instant case.  The court also ordered that the sentence in this case be served consecutive to the murder sentence.

{¶2}   Appellant appeals the consecutive sentence imposed in the instant case.  The record indicates that the consecutive sentence was warranted for a variety of reasons, including the seriousness of the crime and to deter future crime.  Appellant also questions why the two sentences were not merged as allied offenses of similar import, but the crimes were committed against two different police officers.  Therefore, they warranted separate punishments.  Appellant further contends that he should have been given jail-time credit in this case while being held in the jail on the murder charge.  A criminal defendant is not entitled to jail-time credit for confinement arising from another offense.  Appellant was held in jail on a murder charge and is not entitled to any jail-time credit in this case.  Finally, Appellant offered a pro se assignment of error arguing that the admission of a videotape of a subsequent incident between Appellant and corrections officers violated the rules of evidence.

The videotape was admitted at the sentencing hearing. Appellant's own attorney acknowledges that the rules of evidence do not apply at sentencing and that there is no error. The judgment of the trial court is affirmed.

## History

**{¶3}** On March 19, 2010, Appellant was returned to the Columbiana County Jail to be retried for the murder of Emily Foreman in Case No. 2006-CR-303. On July 13, 2010, he assaulted Sergeant Jared Kinemond and spit on Lieutenant Pete Neiheisel while he was being held in jail. The two officers are employed by the jail. On July 21, 2010, Appellant was indicted on one count of assault, R.C. 2903.13(A), a fifth-degree felony, and one count of harassment with a bodily substance, R.C. 2921.38(A), also a fifth-degree felony. The matter was designated as Case No. 2010-CR-171.

**{¶4}** On July 22, 2010, the trial court set Appellant's bond at $5,000 on his own recognizance. Appellant refused to sign the bond. On August 12, 2010, Appellant was arraigned in this case and the court continued the recognizance bond, although he remained in jail awaiting his murder trial.

**{¶5}** On December 7, 2010, Appellant pleaded guilty to both charges in the instant case. The recommended sentence in the plea agreement was for consecutive nine-month prison terms. On January 25, 2011, Appellant was once again convicted of the murder of Emily Foreman. On February 1, 2011, a joint sentencing hearing took place. At sentencing, it was established that Appellant, an intravenous drug user, punched Sgt. Kinemond in the head and scratched him

around the head and neck area, and that he spit on Lt. Neiheisel while the officers were struggling to get control over him at the jail. Appellant previously pleaded guilty to vandalism in 2006 arising from a riot at the county jail. Appellant stated at the hearing that: "I swung on Officer Gilbert; he's the one that sprayed me. That's why I said, 'That's what happens when you guys do that,' meaning when you assault me, I'm not going to lay down." (2/1/11 Tr., p. 19.) A video from the jail recorded on August 12, 2010 was presented, which showed Appellant in a rage and taunting police officers about how he assaulted them earlier. The court sentenced Appellant to fifteen years to life in prison for murder, and to two nine-month prison terms for assault and harassment with a bodily substance, to be served consecutively and consecutive to the sentence in the murder case. This appeal followed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES HEREIN BOTH WHEN IT IMPOSED CONSECUTIVE NINE MONTH SENTENCES FOR THE TWO COUNTS CONTAINED WITHIN 2011 CR 171 AND WHEN IT IMPOSED THOSE CONSECUTIVE SENTENCES CONSECUTIVE WITH THE FIFTEEN TO LIFE INDEFINITE SENTENCE IMPOSED IN 2006 CR 303/ 2007 CO 22/ 2011 CO 6.

**{¶6}** We review felony sentences to determine whether the sentence is clearly and convincingly contrary to law, and if it is not contrary to law it is then reviewed for abuse of discretion. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-

695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. The initial inquiry is whether the sentence is clearly and convincingly contrary to law, *i.e.*, whether the sentencing court complied with all applicable rules and statutes in imposing the sentence. *Gratz* at ¶8, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶13-14. If it is not clearly and convincingly contrary to law, the court must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶8, citing *Kalish* at ¶17.

{¶7} The record reflects that the sentence is not contrary to law. The crimes in this case were fifth degree felonies punishable by up to twelve months in prison each, and the court imposed less than the maximum possible sentence for each crime.

{¶8} Appellant argues that the imposition of consecutive sentences was an abuse of discretion. He maintains that the court needlessly "piled on" extra prison time after it had already imposed a sentence of 15-years to life for the murder. Appellant postulates that none of seriousness factors found in R.C. 2929.12 apply to him, and that some of the mitigating factors apply, which should have prevented the court from imposing consecutive sentences. Appellant contends that the trial court was required to list or explain at least some of the factors it considered, and that this silence constitutes reversible error. Appellant also asserts that some of the factors in R.C. 2929.12 require mandatory findings by the trial court under *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E. 2d 768. Finally, Appellant believes his

crimes should have merged as allied offenses of similar import. Our review of this record reveals that all of Appellant's arguments are meritless.

{¶9} Appellant is correct that the trial court did not explain in any particular detail why it imposed the consecutive sentences. Appellant considers this to be reversible error, however, Appellant is incorrect. In the face of a silent record the trial court's sentencing decision will be presumed to be correct. *Kalish* at ¶18. As we have previously held: "Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." *State v. Gant*, 7th Dist. No. 04 MA 252, 2006-Ohio-1469, ¶60, citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992). The record is not completely silent with respect to the sentencing statutes because the court mentioned its consideration of the purposes and principles of sentencing both at the sentencing hearing and in the sentencing judgment entry.

{¶10} Additionally, there is no fact-finding requirement imposed by *Hodge* or by any other caselaw. The *Hodge* case makes clear that the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Under the current statutory scheme, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences. *Hodge* at paragraphs one, two and three of

the syllabus. Although the consecutive sentencing statute, R.C. 2929.14(E)(4), was rendered unconstitutional by *Foster*, trial courts retain the common law discretion to impose consecutive sentences. "*Foster* [does] not prevent the trial court from imposing consecutive sentences; it merely took away a judge's duty to make findings before doing so." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶35.

**{¶11}** Appellant alleges that none of the factors found in R.C. 2929.12 are found in the record. Appellant is mistaken. A trial court is not limited to the specific factors listed in R.C. 2929.12, as the statute itself allows the trial court to consider "any other factors that are relevant to achieving the purposes and principles of sentencing." R.C. 2929.12(A). The purposes and principles of sentences are to protect the public from future crime and to punish the offender. R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for: incapacitating the offender; deterring the offender and others from future crime; rehabilitating the offender; and making restitution. R.C. 2929.11(A). The sentence shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim. R.C. 2929.11(B). The sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 and shall consider whether any of the seriousness and recidivism factors listed in R.C. 2929.12 are relevant. Appellant is aware that the standard of review of the imposition of consecutive sentences, as part of an overall sentence, is abuse of discretion. *See, e.g., State v. Johnson*, 7th Dist. No. 10 MA 32, 2010-Ohio-6387. An abuse of discretion is "more

than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶12} The record indicates that Appellant was in jail on a murder charge when the crimes occurred. The crimes occurred against corrections officers. Appellant hit an officer in the face causing a swollen lip, lacerations and scrapes on the neck and swelling on the officer's forehead. These facts are all relevant to the seriousness of the crimes. Further, Appellant showed no remorse for his actions and made it clear at the sentencing hearing that he would commit similar crimes in the future if provoked. Appellant was involved in similar incidents both before and after the crimes at issue in this case occurred. The prosecutor made a very good point at sentencing that if there are no serious consequences for jailhouse assaults on police officers committed by defendants who are serving life sentences, then there will be no deterrent on these defendants from committing future assaults. The record is replete with evidence supporting the trial court's decision to impose consecutive sentences based on the seriousness of the crimes and to deter future crime.

{¶13} Appellant contends that the crimes were allied offenses of similar import and should have been merged at sentencing, but there is no merit to his argument. Appellant did not raise this issue at trial. Hence, it is reviewed only for plain error. *State v. Carter*, 89 Ohio St.3d 593, 598, 734 N.E.2d 345 (2000). "Plain error is one in which but for the error, the outcome of the trial would have been different." *State v. Hancock*, 7th Dist. No. 09-JE-30, 2010-Ohio-4854, ¶55. The Ohio Supreme Court

has recognized that the "imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶96-102.

**{¶14}** R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶15}** Merger of allied offenses is a question of law. *State v. Taylor*, 7th Dist. No. 07-MA-115, 2009-Ohio-3334, ¶19. Questions of law are reviewed de novo. *State v. Ryan*, 7th Dist. No. 10-MA-173, 2012-Ohio-1265, ¶44.

**{¶16}** "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at syllabus.

**{¶17}** In this case, the assault charge (R.C. 2903.13(A)) and the harassment with a bodily substance charge (R.C. 2921.38(A)) rely on completely different facts to support a conviction. R.C. 2903.13(A) states: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." The crime is a fifth-degree felony if committed on the grounds of a local correctional facility after the defendant has been charged with a crime, and the victim is an employee of the facility. R.C. 2903.13(C)(2)(b).

**{¶18}** R.C. 2921.38(A) states: "No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner."

**{¶19}** This record indicates that Appellant was being held at the Columbiana County Jail awaiting retrial for the murder of Emily Foreman. He punched Sgt. Jared Kinemond in the face causing a swollen lip, lacerations and other injuries. The officers sprayed mace on Appellant which blurred his vision. Appellant then spit in the direction of Lt. Pete Neiheisel, hitting him on his mouth. The record describes two completely different actions by Appellant separated in time by the macing incident. Additionally, he committed the acts against two different victims. Separate convictions and sentences are permitted when there are multiple victims. *State v.*

*Johnson*, 7th Dist. No. 04 MA 193, 2007-Ohio-3332, ¶33, citing *State v. Garrison*, 123 Ohio App.3d 11, 16, 702 N.E.2d 1222 (2d Dist.1997).

**{¶20}** All of Appellant's arguments under this assignment of error are without merit and are overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT

JAIL TIME CREDIT HEREIN.

**{¶21}** Appellant contends that jail-time credit should have been applied to the instant charges because he failed to sign his recognizance bond and was not released on bond at any point during the litigation of the two charges.  R.C. 2967.191 indicates that there is a right to jail time credit:  "by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced".*  (Emphasis added.)  R.C. 2967.191 "does not entitle a defendant to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (1992).  Whether or not Appellant signed his recognizance bond in this case is irrelevant, because he was being held in jail on a murder charge and would not have been eligible to be released on a bond in this case whether or not he signed the bond.  Appellant's situation is similar to that in *State v. Russell*, 3d Dist. No. 9-03-56, 2004-Ohio-1950.  In *Russell*, the defendant was serving a prison term when he spit on a teacher in the prison and was charged and convicted for harassment.  He argued that he should have received

jail-time credit in his harassment case from the time of the offense until the date of sentencing. The court held that a defendant is not entitled to double-credit for jail-time served for an offense he committed while already incarcerated on a different offense. *Id.* at ¶8-9.

**{¶22}** Appellant was not held solely on the charges in the instant case, and thus, was not entitled to jail-time credit in this case. The record indicates that he received jail-time credit in the murder case. Appellant's assignment of error is overruled.

<u>ANDERS ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE THE VIDEOTAPE IDENTIFIED AND ADMITTED AT THE SENTENCING HEARING.

**{¶23}** Appellant's counsel presents this error as a pro se error from Appellant himself. Although counsel presents this as an *Anders* assignment of error, he is not asking to withdraw as counsel as is normally the case when *Anders* is invoked. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel is simply presenting this pro se error to the Court as a courtesy to his client. Counsel acknowledges that he himself would not have argued it, knowing full well that there is no legal basis to support the error.

**{¶24}** Appellant argues that the prosecutor should not have been permitted to admit a videotape at the sentencing hearing that showed him threatening the police and taunting them about the crimes he had committed a few weeks earlier in this

case. It is not clear which of the rules of evidence is being invoked in this argument, but presumably it is either Evid.R. 404(B) relating to other crimes or bad acts, or Evid.R. 403, generally relating to relevance. Appellant correctly points out that the Rules of Evidence do not apply to sentencing hearings. Evid.R. 101(C)(3); *State v. Cook*, 83 Ohio St.3d 404, 425, 700 N.E.2d 570 (1998). Appellant attempts to argue that an admittedly similar event that happened four weeks after the indictment in this case was issued is not relevant to sentencing, but its relevance should be self-evident. It is relevant to issues such as Appellant's likelihood in committing future crimes, his remorse or the lack thereof, and to rebut Appellant's own words at the sentencing hearing regarding the context of his various altercations with the police. This is a frivolous assignment of error and is therefore overruled.

CONCLUSION

**{¶25}** This appeal only relates to questions about Appellant's felony sentence. The record demonstrates that the sentence of two consecutive nine-month prison terms was justified and did not constitute an abuse of the trial court's discretion. The crimes were not allied offenses primarily because they were committed against two different officers. Therefore, the sentences should not have merged. The trial court was not required to make any specific findings during the sentencing phase and there is no error in the trial court's overall silence about the factors relied on in creating the sentence. Appellant was not owed any jail-time credit in this case because he was actually being held on a charge of murder in another case. There is no merit to the argument that the rules of evidence were not followed at sentencing

because those rules are not applicable at sentencing. All three assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.