[Cite as *State v. Blackstone*, 2017-Ohio-4392.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 NO 0437 |
| VS. | ) | |
| | ) | OPINION |
| DANIEL M. BLACKSTONE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Noble County, Ohio Case No. 215-2031

JUDGMENT:                                      Affirmed in part; reversed in part and remanded.

APPEARANCES:
For Plaintiff-Appellee                        Attorney Kelly Riddle
                                                       Noble County Prosecutor
                                                       150 Courthouse
                                                       Caldwell, Ohio 43724

For Defendant-Appellant                   Attorney George Cosenza
                                                       1130 Market Street
                                                       P.O. Box 4
                                                       Parkersburg, West Virginia 26102

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 19, 2017

DeGENARO, J.

**{¶1}** Defendant-Appellant, Daniel M. Blackstone, appeals the trial court's judgment denying his request for jail time credit. As Blackstone's assigned error is meritless, the judgment of the trial court is affirmed in part. However, as our review of the assigned error revealed that the trial court failed to make the statutorily required findings regarding consecutive sentences, the case is reversed and remanded in part to make those findings.

**{¶2}** Blackstone was indicted in Noble County for aggravated burglary, kidnapping and passing bad checks. After he was arraigned and pled not guilty, the trial court did not set a bond noting that it "would be academic in nature" because Blackstone was then serving a prison sentence imposed in Monroe County.

**{¶3}** Blackstone later pled guilty to aggravated burglary, R.C. 2911.11(A)(2), a first-degree felony, and passing bad checks, R.C. 2913.11(B), a first-degree misdemeanor. At sentencing Blackstone asked the court to adopt the recommended four-year sentence but that it be served concurrently with the sentence he was serving from Monroe County. The trial court sentenced Blackstone to four years for aggravated burglary and 180 days for passing bad checks to be served concurrently to each other. The trial court ordered the Noble County sentence be served consecutively to the Monroe County felony sentence; however, no findings were made at the hearing or in the judgment entry.

**{¶4}** In his sole assignment of error, Blackstone asserts:

> The Trial Court erred by failing to grant the Defendant credit for the time he was incarcerated after his arraignment in the Common Pleas Court of Noble County, Ohio on Charges of Aggravated Burglary, Kidnapping and Passing Bad Checks in Case No. 215-2031.

**{¶5}** An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum,* 146 Ohio St.3d. 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 23. Further, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by

clear and convincing evidence that the record does not support the sentence." *Id.*

**{¶6}** An offender is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based. R.C. 2967.191, *State v. Mason,* 7th Dist. No. 10 CO 20, 2011–Ohio–3167, ¶ 16. "[A] defendant is not entitled to jail-time credit for time incarcerated in another county for unrelated offenses." *State v. Daughenbaugh,* 3d Dist. No. 16–09–05, 2009–Ohio–3823, ¶ 19. There is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter. *State v. Cook,* 7th Dist. No. 00CA184, 2002–Ohio–7170, ¶ 17.

**{¶7}** As Blackstone was serving a prison term for a felony conviction in Monroe County, he is not entitled to jail time credit from the date on his arraignment in this case. Thus, the trial court did not err in refusing to grant Blackstone jail time credit, and his assignment of error is meritless.

**{¶8}** However, our review of the record revealed an error Blackstone did not raise on appeal or in the trial court: the imposition of consecutive sentences. There is a statutory presumption that where a defendant is already serving a felony sentence imposed by an Ohio court, a subsequent felony sentence is served concurrently. R.C. 2929.41(A). That presumption can be overcome if consecutive sentencing findings are made. *Id.*, citing R.C. 2929.14(C). "[C]onsecutive sentence findings are required where a sentence is imposed consecutively to a prior sentence." *State v. Hudson*, 7th Dist. No. 15 MA 0134, 2017-Ohio-645, ¶ 44.

**{¶9}** When imposing the Noble County sentence consecutive to Blackstone's sentence from Monroe County, the trial court failed to make the findings as required by R.C. 2929.41 and R.C. 2929.14(C) at both the sentencing hearing and in the judgment entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, 37.

**{¶10}** Accordingly, the judgment of the trial court is affirmed in part and reversed in part regarding the imposition of consecutive sentences, and the matter

remanded for the limited purpose to make those findings.

Donofrio, J., concurs.

Waite, J., concurs.