[Cite as *State v. Logan*, 2021-Ohio-571.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JEREMY LOGAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MA 0024

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2013 CR 1123

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Prosecuting Attorney and *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Christopher Lacich*, Roth, Blair, Roberts, Strasfeld & Lodge, 100 East Federal Street, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
March 2, 2021

**Donofrio, J.**

{¶1} Defendant-appellant, James Logan, appeals from a Mahoning County Common Pleas Court judgment denying his motion for jail time credit.

{¶2} On March 14, 2019, appellant pleaded guilty to one count of aggravated assault, a fourth-degree felony in violation of R.C. 2903.12(A)(B). The trial court subsequently sentenced him to six months in prison. The court further ordered appellant's sentence to run consecutive to a sentence he was already serving in Cuyahoga County Case Number CR-12-12560218 A.

{¶3} On September 11, 2019, appellant filed a pro se motion for jail time credit. He asserted that he spent 142 days in the Mahoning County Jail awaiting disposition on this case for which he did not get credit. Plaintiff-appellee, the State of Ohio, opposed appellant's motion arguing that while appellant was awaiting disposition of this case in the county jail he was also serving a sentence for involuntary manslaughter in the above-referenced Cuyahoga County case. The trial court overruled appellant's motion.

{¶4} Appellant initially filed an untimely notice of appeal. But later on May 18, 2020, he filed a motion for a delayed appeal, which this court granted.

{¶5} Appellant now raises a single assignment of error. Appellant's assignment of error states:

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT['S] MOTION FOR JAIL-TIME CREDIT.

{¶6} Appellant argues that the trial court should have granted his motion for 142 days of jail-time credit. This number of days represents appellant's time spent in the Mahoning County Jail waiting for disposition of this case. He thus argues that the trial court abused its discretion in not granting him these days.

{¶7} Pursuant to R.C. 2967.191, the department of rehabilitation and correction credits jail-time served but the trial court calculates the number of days that can constitute jail-time credit. *State v. Frazier*, 8th Dist. Cuyahoga No. 86984, 2006-Ohio-3023, ¶ 9.

Case No. 20 MA 0024

While a defendant may challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court, and then by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry. *State v. Parsons*, 10th Dist. Franklin No. 03AP-1176, 2005-Ohio-457, ¶ 7-8.

{¶8}    Because appellant raises a legal argument, he should have filed a direct appeal from his sentencing judgment entry. Because he failed to do so, he has waived this issue. *State v. Mason*, 7th Dist. Columbiana No. 10-CO-20, 2011-Ohio-3167, ¶ 13.

{¶9}    Regardless, even if appellant had not waived this issue, he still would not prevail. Fatal to appellant's argument is the fact that he was already incarcerated for a different offense when he committed the instant offense.

{¶10}   In addressing a similar argument, this court noted that a defendant is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based. *State v. Irwin*, 7th Dist. Columbiana No. 11-CO-7, 2012-Ohio-2720, ¶ 21, quoting *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (1992). In *Irwin*, the appellant assaulted a corrections officer while already incarcerated for murder. The appellant in *Irwin* made an identical argument to appellant here, which this court rejected.

{¶11}   In this case, appellant was charged with an assault that occurred while he was already incarcerated. Appellant sought to receive jail-time credit for time served in county jail awaiting disposition of this case. Appellant is not entitled to jail-time credit, however, because he was serving a sentence in another case.

{¶12}   In sum, appellant's claim fails because a direct appeal was the proper legal avenue for the relief he seeks. Moreover, he would not be entitled to jail-time credit here as he was already incarcerated on another case.

{¶13}   Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶14}   For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs.

D'Apolito, J., concurs.


Case No. 20 MA 0024

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**