[Cite as *State v. Dyer*, 2022-Ohio-1519.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CAMERON DYER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 MA 0072

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CR 58

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor, *Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. David J. Betras, Atty. Patrick G. Kiraly*, 6630 Seville Drive, Canfield, Ohio 44406, for Defendant-Appellant.

Dated:  May 5, 2022

---

**Robb, J.**

{¶1} Defendant-Appellant Cameron Dyer appeals the decision of the Mahoning County Common Pleas Court denying his request to receive credit for a certain period of time served in prison after he was indicted in this case. However, he was not entitled to credit for this time period as he was not confined for a reason arising out of an offense for which he was being sentenced in this case. Accordingly, the trial court's judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

{¶2} On January 30, 2020, Appellant was indicted for tampering with evidence and having a weapon while under disability (due to various prior convictions beginning in 2010). Because Appellant was in prison at the time, a warrant for removal was issued to ensure his appearance at the arraignment, where the issue of bond was deferred to the judge assigned to try the case. (2/7/20 & 2/11/20 J.E.s). Three weeks before Appellant was to be released from prison, the court set bond at a pretrial hearing in the case at bar. (7/27/20 J.E.).

{¶3} Appellant was released from prison on August 18, 2020. On the same day, he appeared before the clerk of courts to post his surety bond. (8/19/20 Recognizance of Accused, signed 8/18/20). He thereafter remained out on bond until after sentencing.

{¶4} On June 14, 2021, Appellant pled guilty as charged with an agreed sentencing recommendation. The written plea agreement noted the defense would argue for more jail-time credit than the one day reported by the state. The court immediately proceeded to sentencing and imposed the jointly recommended sentence of 12 months in prison. The court set the jail report date for July 14, 2021 and waited to file the sentencing entry.

{¶5} In the meantime, Appellant filed a motion requesting "jail-time credit" from the date of indictment in this case through the date he was released from prison on the other cases. The state's memorandum in opposition pointed out Appellant was already incarcerated in prison when he was indicted and set forth the sentences in those cases (as reviewed infra). The state argued Appellant's continued imprisonment after indictment did not arise out of this unrelated case. It was pointed out Appellant bonded

<u>Case No. 21 MA 0072</u>

out in this case on the same day as his release from prison, entitling him to credit for that day only.

{¶6} The court overruled Appellant's motion and provided one day of credit in accordance with the state's position. (7/13/21 J.E. 1 & 2). The within timely appeal followed.

{¶7} On appeal, counsel attested a transcript of proceedings from the sentencing hearing was unnecessary to address the issue of jail-time credit. (12/3/21 Praecipe). Notably, the sentencing entry was held for filing until after the submission of the motion for jail-time credit and the state's opposition. In any event, a motion for jail-time credit can be filed after sentencing. *See* R.C. 2929.19(B)(2)(g)(iii). In addition, other filings in the record provide the factual background the parties used to debate whether the current offenses were related to an offense for which he was incarcerated at the time of indictment in this case. These filings include the indictment, notice of intent to use other acts evidence, bill of particulars, motion to suppress evidence with the state's response, and motion for jail-time credit with the state's response. Before proceeding to the arguments, we review this background information.

{¶8} On December 5, 2016, the Youngstown Fire Department was called to a fire on Elm Street at a house associated with Appellant. While the firefighters were attempting to control the fire, Appellant was confrontational and ran over their hoses. Later, a fire engine was struck by gunfire on Halleck Street as it was returning to the station from the scene of the fire. One firefighter was shot in the leg, and another firefighter discovered a bullet hole in the heavy coat he was wearing. In a driveway on Halleck Street, the police recovered bullet casings of the 7.62 caliber, consistent with an assault rifle. Appellant was suspected of the shooting but was not charged.

{¶9} However, based on his conduct at the scene and his admission to running over hoses with a vehicle during the fire, he was charged with the offense of disrupting public services in 16 CR 1428. In March 2017, he was convicted and sentenced to 12 months (with credit for 109 days). The sentence was ordered to run consecutively to a 30-month sentence (with credit for 9 days) which had been imposed on December 16, 2016 for drug offenses in 16 CR 699. While serving that sentence, he was also convicted

Case No. 21 MA 0072

in another drug case and sentenced in July 2017 to 12 months (with credit for 70 days) in 17 CR 547. The sentence was imposed consecutively to 16 CR 699 and 16 CR 1428.

{¶10} Thereafter, the police were approached by an informant who witnessed the burying of a black trash bag containing the firearm used in the shooting; a description of a house on Ohio Avenue was provided along with the burial location in the yard. After finding a matching Ohio Avenue house and learning it was owned by Appellant, the police obtained a search warrant. During the execution of the warrant, Appellant was recorded on a prison phone call asking his girlfriend where the police were digging. The police recovered the buried rifle, and subsequent testing showed it matched the casings found on the driveway at the scene of the shooting. This resulted in Appellant's charges in the case at bar (having a weapon while under disability and tampering with evidence).

ASSIGNMENT OF ERROR

{¶11} Appellant's sole assignment of error provides:

"THE TRIAL COURT ERRED WHEN IT DID NOT AWARD APPELLANT HIS JAIL-TIME CREDIT FROM THE DATE OF HIS SECRET INDICTMENT TO THE DATE HE WAS RELEASED FROM HIS SENTENCE IN [THE] 2016 [CASE]."

{¶12} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. A defendant who is unable to afford bail must be credited for the time they are confined while awaiting trial in order to avoid unequal treatment based on economic position. *Id.*

{¶13} Pursuant to all renditions of the relevant statute, the sentencing court shall determine the number of days "the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i) (by which the department of rehabilitation and correction must reduce the prison term under R.C. 2967.191).[1] Likewise, the latter statute provides the department of

---

[1] This aforequoted language in R.C. 2929.19(B)(2)(g)(i) (eff. 4/12/21) was formerly in (B)(2)(h)(i) (eff. 3/22/19); it was also in (B)(2)(f)(i) (eff. 10/29/18) and in (B)(2)(g)(i) (eff. 9/10/12). The statute in effect at the time of Appellant's sentencing (and the 2018 version) specifically reinforces the principal by stating: "The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced." R.C. 2929.19(B)(2)(g)(i). An intervening version instructed the court to exclude previous prison time on the *current* offense, as another statute said the prison would calculate it.

rehabilitation and correction shall reduce a definite prison term "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."  R.C. 2967.191(A),(B)(1).

{¶14}  Both parties rely on *State v. Cupp,* 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811.  In that case, the defendant posted a $75,000 bond in the municipal court for a felony charge.  After he was bound over and indicted, his bond was increased to $400,000.  By that time, he was in jail serving a sentence for violating probation in an unrelated municipal court case.  When the defendant later pled guilty in the felony case, the court revoked his bond (which had not been posted as he was serving the municipal court sentence).  The defendant's municipal court sentence ended a month after he pled guilty in the felony case; he remained incarcerated until his felony sentencing two months later.

{¶15}  At sentencing in *Cupp*, the defense argued jail-time credit should begin when the bond was revoked on the date of the plea even though he was still serving the municipal court sentence.  Agreeing with the state, the trial court found the defendant could not earn jail-time credit while he was incarcerated on the municipal court sentence.  The appellate court reversed and found the defendant was entitled to credit from the date his bond was increased (which was the date of his appearance on the indictment).  *State v. Cupp*, 11th Dist. No. 2016-G-0097, 2017-Ohio-7948, 98 N.E.3d 738, ¶ 4, 64 (finding because he did not post bond on the felony indictment, his incarceration was related to that offense).

{¶16}  The Supreme Court reversed and held:  "A defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case."  *Cupp*, 156 Ohio St.3d 207 at syllabus (four justices agreed with the judgment and syllabus; two other justices believed the case was mooted by death).  Appellant attempts to distinguish this holding in *Cupp* on two grounds.

{¶17}  First, Appellant states he was not "held on bond" when he was incarcerated at the time of the indictment in this case.  However, the syllabus of *Cupp* dealt with the facts existing in that case and did not exclude other factual situations from the realm of non-credit incarceration.  For purposes of determining credit for time served, the situation

of a defendant remaining incarcerated after bond was deferred at the arraignment (because he was already serving a prison term on a prior offense) is not meaningfully different from a defendant remaining incarcerated after an increased bond at arraignment was not posted (where the defendant was already serving a jail sentence on a prior offense).

**{¶18}** Appellant's claimed distinction is unsupported and irrelevant. Where the trial court does not set bond at arraignment because the defendant was serving a prison sentence for an unrelated case, there is no entitlement to jail-time credit. *State v. Blackstone*, 7th Dist. Noble No. 16 NO 0437, 2017-Ohio-4392, ¶ 2, 6-7. *See also State v. Norman*, 5th Dist. Muskingum No. CT2012-0061, 2013-Ohio-1866, ¶ 3-9, 17-18, 34 (in a state's appeal, the court reversed the grant of credit for time served after indictment where bond was not set because the defendant was already incarcerated on a misdemeanor sentence and found the defendant was only entitled to the time he was incarcerated after the misdemeanor sentence was completed).

**{¶19}** Appellant's bond status was not the cause of his pre-trial incarceration. *See State v. Barrow*, 7th Dist. Columbiana No. 19 CO 0051, 2021-Ohio-2340. In *Barrow*, we held a defendant who was indicted while he was serving a prison term on an unrelated case was not entitled to jail-time credit, and the fact that he refused to sign his recognizance bond at arraignment was irrelevant as he was already serving an unrelated prison sentence. *Id.* at ¶ 12 (when the defendant completed his prison sentence, he was released on bond for the remainder of his case, as here). Due to his incarceration on a prison term, Appellant was not subjected to "confinement in lieu of bail while awaiting trial" under R.C. 2967.191(A). Rather, he was incarcerated before and after indictment in this case due to prison sentences on other criminal offenses.

**{¶20}** Second, Appellant states he was not serving a sentence for an "unrelated" case, concluding: "on the date of his secret indictment, he was serving a sentence on a related matter." (Apt.Br. at 9). The specific facts alleged to be relevant are not reiterated under the argument section of Appellant's brief. In the procedural section of his brief, Appellant reviews the three separate prior prison sentences. As set forth in our Statement of the Case and agreed by the parties, a 12-month sentence for disrupting public services imposed in March 2017 in 16 CR 1428 was run consecutive to a 30-month drug sentence

previously imposed in December 2016 in 16 CR 699, and a 12-month drug sentence in 17 CR 547 was ordered to run consecutively to 16 CR 699 and 16 CR 1428.[2]  Apparently utilizing an aggregate sentence principle, Appellant concludes he was still serving the sentence for disrupting public services at the time of his indictment in the instant case.[3]

**{¶21}** From reading Appellant's statement of facts along with the quoted assignment of error, it becomes apparent he is arguing the disrupting public service conviction in 16 CR 1428 was "related" to the case at bar and because he was serving an aggregate sentence containing that sentence at the time of his indictment in this case, he is entitled to credit for the prison sentence occurring after the indictment in this case.  However, this argument is without merit.

**{¶22}**  The statute clearly states a defendant can only receive credit for time during which he was "confined for any reason arising out of the offense for which the offender is being sentenced * * *."  R.C. 2929.19(B)(2)(g)(i).  Appellant's *confinement* in prison due to sentences previously imposed in other cases *did not arise out of* an offense for which he was indicted in this case.  Appellant was serving a sentence on an "unrelated case" as the term was used in the *Cupp* syllabus.  The Court used the term "unrelated" as an antonym for the phrase "reason arising out of" which is the dispositive language in the governing statute.  The Court was not setting forth a test that varied from the statute.

**{¶23}**  The statute does not permit the defendant "to turn his confinement for various convictions into a 'bank' of jail-time that he 'withdraw' as needed for pending felony offenses."  *State v. Barnett*, 7th Dist. Mahoning No. 13 MA 123, 2014-Ohio-3686, ¶ 13, quoting *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 22.  "The case law confirms that the felony offense of conviction must be a legal cause for the

---

[2] Appellant points to the credit for time served he received in 16 CR 1428 and 17 CR 547 and says those Mahoning County sentencing courts did not exclude his post-indictment incarceration time even though he was already serving the prison sentence in 16 CR 699.  However, the fact that the state did not appeal those decisions (and may not have objected to the credit in the trial court in those cases) would not inure to Appellant's benefit in this case or set a personal precedent applicable to subsequent cases.

[3] *See generally* O.A.C. 5120-2-04(G) (the bureau of sentencing computation shall aggregate the sentences if they are being serving consecutively).  If the cases were served one after the other in order of imposition, it appears Appellant would have served his sentence for disrupting public service by the time of his indictment in this case (as a result of earned/participation credit he apparently received on one or both of the 2016 cases).  We need not express an opinion on the validity of his aggregate sentence assumption for purposes of addressing his related cases argument as the argument fails even accepting his aggregate sentence assumption.

defendant's prior confinement in order for that confinement to be creditable." *Marini*, 5th Dist. No. 09-CA-6 at ¶ 15. *See also State ex rel. Rankin v. Mohr*, 130 Ohio St.3d 400, 2011-Ohio-5934, 958 N.E.2d 944, ¶ 2 (no entitlement to have sentence reduced by the days confined on other crimes while awaiting the sentence at issue).

**{¶24}** Moreover, the specific facts which can be gleaned from the record do not support his claim of related offenses. The filings in this case show the disrupting public services charge arose from Appellant's behavior while firefighters were attempting to extinguish a house fire; he was confrontational and ran over their hoses with a vehicle. The case at bar involved having a weapon while under disability and tampering with evidence due to Appellant's involvement in the burying of a weapon used in a shooting. The evidence related to the weapon was not discovered until years after Appellant was charged with disrupting public services. As explained above, sometime after the confrontation at the fire on Elm Street, firefighters were shot at while traveling on Halleck Street with one firefighter suffering a gunshot wound to the leg.

**{¶25}** The fact that the shooting occurred on the same night Appellant committed the offense of disrupting public services or that both incidents involved firefighters does not make the current case (having a weapon while under disability and tampering with evidence) related to the disrupting case for purposes of jail-time credit. The disruption of public services and the shooting were separate events committed with distinct conduct and motive at different times.

**{¶26}** Furthermore, the charge of having a weapon while under disability did not necessarily relate to possession of the rifle during the shooting; notably, the tampering with evidence charge arose due to Appellant's involvement in the burial of the rifle which was reported to have occurred months after the disruption of public services and the shooting. The facts giving rise to his confinement were separate and apart from the facts giving rise to his indictment in this case. *See State v. Logan*, 7th Dist. Mahoning No. 20 MA 0024, 2021-Ohio-571, ¶ 10 ("a defendant is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based"); *Blackstone*, 7th Dist. Noble No. 16 NO 0437 at ¶ 6.

**{¶27}** Again, the statute does not allow for credit unless the confinement at issue was for a "reason arising out of the offense for which he is being sentenced" (having a weapon while under disability and tampering with evidence). Appellant's confinement in prison for a prior conviction of disrupting pubic services was not for a reason arising out of his possession or burying of the rifle. He was confined on a prison sentence at and after the time of indictment in this case. Under R.C. 2929.19(B)(2)(g)(i), Appellant would not become confined for a reason arising out of an offense in this case until the day his prison sentence ended. Before he completed his prison sentence, the deferred issue of bond was addressed, which enabled Appellant to post bond on the same day he was released from his prison sentence. (He thereby avoided jail-time in this case, besides the one day of jail-time credit he received for the hours incarcerated before posting bond.) Appellant was not entitled to additional jail-time credit for the time spent in prison on prior offenses after the indictment in this case.

**{¶28}** Accordingly, Appellant's assignment of error is overruled, and the trial court's judgment is affirmed.


Waite, J., concurs.

D'Apolito, J., concurs.

Case No. 21 MA 0072

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**